```
                        UNITED STATES DISTRICT COURT
                        EASTERN DISTRICT OF MISSOURI
                              EASTERN DIVISION
```

LOUIS SEAN BODWAY,              )
                                )
    Plaintiff,                  )
                                )
    v.                          )        No. 4:09-CV-1440-AGF
                                )
JENNIFER RICO, et al.,          )
                                )
    Defendants.                 )

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Louis Sean Bodway for leave to commence this action without payment of the required filing fee.

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $00.00, and an average monthly account balance of $00.00. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will not assess an initial partial filing fee at this time.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## The complaint

Plaintiff, a pretrial detainee at the St. Charles County Department of Corrections ("SCCDC"), seeks monetary and injunctive relief in this 42 U.S.C. § 1983 action against Jennifer Rico (Health Services Coordinator), Unknown Loynd (Physician), Unknown Cundelinin (Physician), Alan Stahl (Colonel), Scott Myers (Captain), and Unknown Lupo (Corporal).

Plaintiff alleges in Count I of his complaint that on August 14, 2008, defendant Rico ordered that plaintiff be chained to a bench on nine inches of chain. Plaintiff claims that he did not have access to drinking water or toilet facilities, he was denied his medications for herniated discs, and he was forced to defecate on the floor. Plaintiff alleges that he "was left this way for six (6) days," and that he begged defendants Stahl, Myers, and Lupo to intervene on his behalf, but they ignored his pleas for help. Plaintiff's Fourteenth Amendment claims against defendants Rico, Stahl, Myers, and Lupo survive review under § 1915(e)(2)(B) and should not be dismissed at this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, the Court will order said defendants to reply to plaintiff's Fourteenth Amendment claims.

Plaintiff alleges in Count II of the complaint that he suffers from herniated discs and sciatic nerve damage. He states that he was scheduled for a spinal injection the week he arrived at SCCDC; however, the medical staff denied him this treatment. Plaintiff states that he sought medical treatment from defendant Dr. Loynd, but after reading plaintiff's MRI reports, Dr. Loynd stated, "These are over a year old. I have no idea what's going on with your back now." Dr. Loynd refused to order a new MRI, stating that they cost too much, and he refused to prescribe pain medication, stating that plaintiff is "just a drug addict." Plaintiff claims that Dr. Loynd denied him treatment for a severe back injury. In Count III, plaintiff alleges that on November 23, 2008, the pain from his herniated discs and sciatic nerve damage became so severe that he lost control of his bowels. He claims that although he told Dr. Loynd that his pain was excruciating, Dr. Loynd would not give plaintiff anything other than Tylenol. Plaintiff complains that Dr. Loynd "failed to do anything but laugh at [him]," and his inaction caused plaintiff to suffer unnecessary and severe pain. In Count V, plaintiff alleges that on June 10, 2009, Dr. Loynd refused to examine him or prescribe pain

3

medications. Plaintiff's Fourteenth Amendment claims against defendant Dr. Loynd, as set forth in Counts II, III, and V of the complaint, survive review under § 1915(e)(2)(B) and should not be dismissed at this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, the Court will order Dr. Loynd to reply to plaintiff's Fourteenth Amendment claims.

In Count II, plaintiff further claims that he wrote to defendants Stahl, Myers, and Rico about Dr. Loynd's deliberate indifference to his serious medical needs, but his correspondence was ignored. In Counts III and V, plaintiff alleges that he filed "concern forms" relative to Dr. Loynd's alleged refusal to treat him, but defendant Rico ignored them. These claims against defendants Stahl, Myers, and Rico are legally frivolous and will be dismissed. See Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits); Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997)(noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983); Rivera v. Goord, 119 F.Supp.2d 327, 344 (S.D.N.Y.2000) (allegations that inmate wrote to prison officials and was ignored insufficient to hold those officials liable under § 1983); Woods v. Goord, 1998 WL 740782, at *6 (S.D.N.Y. Oct.23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983); Watson v. McGinnis, 964 F.Supp. 127, 130 (S.D.N.Y.1997) (allegations that an official ignored a prisoner's letter are insufficient to establish liability).

In Count IV of the complaint, plaintiff alleges that he saw defendant Dr. Cundelinin on March 23, 2009. Plaintiff complains that Dr. Cundelinin asked him to walk on his heels and squat, which caused plaintiff considerable pain. Plaintiff states that he yelled at Dr. Cundelinin, saying "You know I have 2 herniated discs! Stop trying to hurt me!" In response, Dr. Cundelinin ordered a correctional officer to take plaintiff away, and he told a nurse that plaintiff had refused treatment.

Plaintiff's allegations against Dr. Cundelinin do not rise to the level of a constitutional claim for medical mistreatment and will be dismissed as legally frivolous. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also Alberson v. Norris, 458 F.3d 762, 765 (8th Cir. 2006)(disagreement with treatment decisions does not rise to level of constitutional violation; to establish deliberate indifference, plaintiff must show more than even gross negligence); Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996)(inmates have no constitutional right to particular type of treatment). Moreover, plaintiff's claim that SCCDC fraudulently charged him $10 for this visit in violation of federal and state law is legally frivolous and fails to state a claim upon which relief can be granted.

In Count VI, plaintiff alleges that defendant Alan Stahl has allowed him only one hour of outside recreation since plaintiff's arrival at SCCDC on November 5, 2008. Plaintiff's Fourteenth Amendment claim against Alan Stahl survives review under § 1915(e)(2)(B) and should not be dismissed at this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, the Court will order Alan Stahl to reply to said claim.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that, as to defendant Unknown Cundelinin, the Clerk shall not issue process or cause process to issue upon the complaint, because as to this defendant, the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, as to defendants Jennifer Rico, Unknown Loynd, Alan Stahl, Scott Myers, and Unknown Lupo, the Clerk shall issue process or cause process to issue upon the complaint relative to plaintiff's Fourteenth Amendment claims, as set forth above.

**IT IS FURTHER ORDERED** that all remaining claims against defendants Jennifer Rico, Unknown Loynd, Alan Stahl, Scott Myers, and Unknown Lupo, are dismissed because they are legally frivolous and fail to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

An appropriate Order of Partial Dismissal of Parties and Claims shall accompany this Memorandum and Order.

Dated this 4th day of January, 2010.

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**